(30 Misc. Rep. 216.)

PEOPLE ex rel. PEOPLE'S TRUST CO. v. FEITNER et al., Tax Com'rs.

(Supreme Court, Special Term, Kings County. January, 1900.)

1. TAXATION—INEQUALITY.

Greater New York Charter, § 906, permitting a review of an assessment of real estate for taxation on the ground of inequality, does not permit an assessment of personal property to be reviewed on that ground.

2. SAME—OVERVALUATION.

Where bonds secured by mortgages of real estate are assessed for taxation at their face value, the assessment will not be reduced, as being an overvaluation, because some of the obligors on the bonds are not responsible, if it is not shown that the securities are not worth their face value, as the bonds, being personal property, are not properly separable from the mortgage for taxation.

3. SAME—DOUBLE TAXATION.

Where a bond and mortgage are given on real estate, and the owner of the property and the holder of the bond and mortgage are each assessed for taxation, it is not unconstitutional, as double taxation, as one person is not assessed doubly for the same property.

Certiorari by the people, on the relation of the People's Trust Company, as executor of Cornelius N. Hoagland, deceased, against Thomas L. Feitner and another, as commissioners of taxes, to review assessments of personal property for taxation. On motion of respondents, proceedings dismissed.

The entire personal estate held by the relator as executor amounted to $522,000. Of this amount, $309,800 represented bonds secured by mortgages upon real estate, assessed at face value. The petition purported to allege two separate grounds of review,—inequality and overvaluation. Motion by respondents to dismiss the proceeding on the ground that no legal grievance had been alleged, requiring any review by the court.

Wingate & Cullen (George W. Wingate, of counsel), for relator.

John Whalen, Corp. Counsel (George S. Coleman, of counsel), for respondents.

SMITH, J. The relator seeks to review the assessment of personal property herein upon the grounds of inequality and overvaluation. Section 906 of the Greater New York charter permits the question of inequality to be raised only in case of real estate. A similar restriction in the old consolidation act was declared constitutional. People v. Coleman (Sup.) 4 N. Y. Supp. 417. Overvaluation is claimed because bonds secured by mortgages were valued at their face value, and that not one-half of the obligors of such bonds are responsible for the amount thereof. There is no allegation that the securities, as a whole, are not worth their face value. A bond secured by a mortgage is personal property, and that is the subject of assess-

ment. The bond is not properly separable from the mortgage for the purpose of assessment. The relator claims that, if the bond and mortgage are assessed together, the result will be double taxation, as the real estate is assessable without regard to the incumbrances thereon. Such may be in some cases the practical result, although one person is not assessed or taxed doubly for the same property. But there is no constitutional limitation upon the legislative power to effect such a result.

Upon the undisputed allegations of the petition, the relator is not entitled to the relief sought. Proceedings dismissed.